61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
STARKE COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION,
INCORPORATED, Allen County Co-Operative, Incorporated, and
City of Fort Wayne, and all similarly situated municipal
corporations and units of local government, Plaintiffs-Appellants,
v.
INTERSTATE COMMERCE COMMISSION and Council on Environmental
Quality, Defendants-Appellees,
and
Consolidated Rail Corporation, Intervenor-Defendant-Appellee.
STARKE COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION,
INCORPORATED, Allen County Co-Operative,
Incorporated, City of Fort Wayne, et
al., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
and
Consolidated Rail Corporation, Intervenor.
 Nos. 93-4034, 94-1343, 94-1330, 94-1397, 94-1753 and 94-1754.
 United States Court of Appeals, Seventh Circuit.
 Argued May 30, 1995.
Decided July 17, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied August
25, 1995.
 
 Before CUMMINGS, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Several agricultural cooperatives and the City of Fort Wayne, Indiana, appeal the district court's dismissal of their complaint against the Interstate Commerce Commission ("ICC") regarding the proposed abandonment of various segments of track in Indiana and Ohio. Plaintiffs also petition this Court for direct review of ICC orders authorizing these abandonments. Finding no merit to plaintiffs' claims, we affirm.
 
 Dismissal of Mandamus Petitions
 
 2
 In the mandamus proceedings,[1] the plaintiffs sought to enjoin the Interstate Commerce Commission and its environmental staff from processing any abandonment applications until the Commission hires an interdisciplinary team of environmental scientists to perform a "scoping" analysis of the central issues. The plaintiffs claim that the ICC is violating a directive of the National Environmental Policy Act ("NEPA"), 42 U.S.C. Secs. 4321-4347, to employ professional scientists on its staff to review abandonments. The district court denied their attempt to secure mandamus relief in the absence of standing, subject matter jurisdiction or a complaint ripe for adjudication. Starke County Farm Bureau Co-Op v. I.C.C., 839 F.Supp. 1329 (N.D.Ind.1993).
 
 
 3
 The Hobbs Act, 28 U.S.C. Sec. 2342, vests exclusive jurisdiction over ICC final decisions in the Courts of Appeals.[2] The plaintiffs attempt to evade this jurisdictional problem by couching their quest as one for mandamus relief under 28 U.S.C. Sec. 1361, and by not waiting until the ICC issued a final, reviewable (only by the court of appeals) decision. This is not helpful to their cause. The fact that the ICC had not yet issued a final order only means that plaintiffs' claims were not yet ripe for decision: there is no statutory provision allowing for judicial review of interlocutory agency orders. See also Marusic Liquors, Inc. v. Daley, 1995 WL 289683 (7th Cir. May 15, 1995) at * 1. Further, there is no basis for the district court to grant mandamus relief where, as here, plaintiffs have failed to demonstrate the essential predicate of a plainly defined duty on the ICC's part. Banks v. Secretary of Ind. Family and Soc. Services Admin., 997 F.2d 231, 244-245 (7th Cir.1993). Plaintiffs have cited no cases holding that the ICC must hire scientists to comply with NEPA; cases in this Circuit and in others have deemed the ICC's environmental procedures adequate. See Nucleus of Chicago Homeowners Ass'n v. Lynn, 524 F.2d 225, 232 (7th Cir.1975) (NEPA "does not require that a specific class of experts be consulted"), certiorari denied, 424 U.S. 967; see also Illinois Commerce Comm'n v. ICC, 848 F.2d 1246, 1257-1260 (D.C.Cir.1988), certiorari denied, 488 U.S. 1004 (1988); Connecticut Trust for Historic Preservation v. ICC, 841 F.2d 479, 484 (2d Cir.1988).
 
 
 4
 Moreover, there is no evidence in this case that the ICC neglected to perform an environmental analysis of the proposed abandonments--in fact, ICC staff clearly did consider the potential environmental impact and determined that it was minimal. The district court was entirely correct in concluding that it lacked authority to issue mandamus or other relief. The court also did not err in rendering certain evidentiary rulings which plaintiffs now challenge; these claims are without merit.
 
 Appeal of ICC Orders
 
 5
 In addition to appealing the district court's dismissal of their complaint, the plaintiffs also challenge directly the ICC's approval of abandonments between Warsaw and Valparaiso, Indiana, and between Upper Sandusky and Dunkirk, Ohio.[3] With respect to the Warsaw-Valparaiso abandonment, plaintiffs have no basis to seek relief: the ICC sold the line to the Norfolk Southern Railroad for continued rail service pursuant to 49 U.S.C. Sec. 10905, and accordingly dismissed the abandonment application, because there is still service on the line in question. This leaves plaintiffs without a final ICC order from which to appeal and a mooted claim. See 28 U.S.C. Sec. 2344; In re Envirodyne Industries, Inc., 29 F.3d 301, 303 (7th Cir.1994).
 
 
 6
 The Upper Sandusky-Dunkirk claim is barred for another reason. Plaintiffs failed to protest the abandonment within the 30 days permitted by 49 U.S.C. Sec. 10904, but waited more than six months before petitioning to reopen the proceeding. The ICC is required by law to approve unprotested abandonments, see 49 U.S.C. Sec. 10904(b) ("If no protest is received within 30 days ... the Commission shall find that the public convenience and necessity require or permit the abandonment"), and did so well before the plaintiffs filed their petition. ICC rules do not permit the Commission to reopen unprotested abandonments except under certain limited circumstances not present here; this Court will not meddle with the ICC's correct decision to hold plaintiffs to the consequences of their procedural default. Moreover, we have been informed that service is still maintained on the Upper Sandusky-Dunkirk segment (Def.Br. 14-15).[4]
 
 
 7
 Plaintiffs also mount a perfunctory challenge to the ICC's administration of abandonment proceedings. It contains no real argument and presents no basis for discussion.
 
 
 8
 District court's denial of mandamus relief is affirmed; plaintiffs' challenges to the ICC's orders are rejected. The ICC's suggestion that we impose sanctions for a frivolous appeal also is denied.
 
 
 
 [1]
 Our Nos. 93-4034 and 94-1343
 
 
 [2]
 The Hobbs Act provides that:
 Except as otherwise provided by an Act of Congress, a proceeding to enjoin or suspend, in whole or part, a rule, regulation, or order of the Interstate Commerce Commission, shall be brought in the court of appeals as provided by and in the manner prescribed in chapter 158 of this title.
 28 U.S.C. Sec. 2321.
 It further provides that:
 The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of--
 * * *
 (5) all rules, regulations, or final orders of the Interstate Commerce Commission made reviewable by section 2321 of this title....
 28 U.S.C. Sec. 2342.
 
 
 [3]
 Our Nos. 94-1330, 94-1397, 94-1753 and 94-1754
 
 
 [4]
 Plaintiffs also formerly complained about the abandonment of a Gary-Valparaiso, Ind., segment but that decision was vacated because the line was sold to the Norfolk Southern Railroad and is still operated (Def.Br. 6, n. 2)